**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TERESA SAWTELLE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC, INC. d/b/a NEVADA SOUTHERN DETENTION CENTER., a Foreign Corporation, DOES I -X; ROE CORPORATIONS I -X.<br><br>Defendants. | **CASE NO.: 2:21-cv-01481-JCM-BNW**<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

The parties, Plaintiff Teresa Sawtelle ("Plaintiff" or "Ms. Sawtelle") and Defendant CoreCivic, Inc. d/b/a Nevada Southern Detention Center ("Defendant" or "CoreCivic"), by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).

1.  **Fed. R. Civ. P. 26(a) Initial Disclosures:**

    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Court 26-1(a), the parties agree that they will submit their Initial Disclosures on or before **November 15, 2021.**

2.  **Discovery Cut-Off Date:**

    Discovery will take not more than one hundred and eighty (180) days from **October 7,**

**2021**, which is the date of Defendant's first appearance by filing their Defendant's Motion to Dismiss Complaint (ECF No. 6). Accordingly, all discovery must be completed not later than **April 5, 2022**.

**3.  Amending the Pleadings and Adding Parties:**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, thus, not later than **January 5, 2022**.

**4.  Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than **February 4, 2022***,* and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than **March 7, 2022**[1]**.**

**5.   Dispositive Motions:**

The parties shall file dispositive motions not more than thirty (30) days after the discovery cut-off date and, therefore, not later than **May 5, 2022**.

**6.  Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **June 6, 2022**[2]. If dispositive motions are filed, the deadline for filing the Joint Pretrial Order will be suspended until thirty (30) days after decision

---

[1] Thirty days after the initial disclosure of experts is Sunday, March 6, 2022, with the next business day being Monday, March 7, 2022

[2] Thirty days after the dispositive motions is Saturday, June 4, 2022, the next business day being Monday, June 6, 2022

on the dispositive motions or further court order.

**7. Fed. R. Civ. P. 26(a)(3) Disclosures:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall include the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto in the Joint Pretrial Order.

**8. Alternative Dispute Resolution:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.  An early neutral evaluation is currently scheduled for January 11, 2022.

**9. Alternative Forms of Case Disposition:**

The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**10. Electronic Evidence:**

The parties verify they have discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches and they stipulate that they intend to present any electronic evidence in a format compatible with the Court's electronic jury evidence display system.

**11. Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a):**

None at this time.

**12. The subjects on which discovery may be needed, when discovery should be**

**completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

As this case involves claims of unlawful discrimination under the ADA, retaliation under Title VII, as well as the wrongful termination, the parties anticipate discovery will focus on the employment of the Plaintiff, Defendant's employment policies and procedures in place during the time period the Plaintiff was employed, the facts and circumstances surrounding the Plaintiff's termination, topics relevant to Plaintiff's employment, and CoreCivic's defenses. The parties do not believe discovery should be conducted in phases and/or limited to particular issues.

**13. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties agree that to the extent that information relevant to the claims and defenses in this action is stored electronically, such electronic information will be preserved and should be produced in the form in which it is maintained.

**14. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

Currently, the parties do not anticipate any issues arising concerning privilege or protection and agree to confer further in the event such issues arise.

**15. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties do not currently believe any changes should be made in the limitations on

discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this court at this time.

**16. Extensions or Modifications of Discovery Plan and Scheduling Order:**

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. In accordance with LR 26-4, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)  A statement specifying the discovery completed;

(b)  A specific description of the discovery that remains to be completed;

(c)  The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)  A proposed schedule for completing all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." See LR 7-1(b).

<u>**Order**</u>

**IT IS SO ORDERED**

**DATED:**  8:27 am, November 03, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

Dated:  November 2, 2021

HKM EMPLOYMENT ATTORNEYS LLP

By: */s/ Jenny L. Foley*_____
JENNY L. FOLEY, Ph.D., ESQ.
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Telephone: (702) 805-8340
Facsimile: (702) 805-8340
*Attorneys for Plaintiff*

Dated:  November 2, 2021

LITTLER MENDELSON P.C.

By: */s/ Emil S. Kim*_____
ROGER L. GRANDGENETT II, ESQ.
Nevada Bar No. 6323
EMIL S. KIM, ESQ.
Nevada Bar No. 14894
Email: rgrandgenett@littler.com
Email: ekim@littler.com
3960 Howard Hughes Parkway Suite 300
Las Vegas, Nevada 89169-5937
Telephone: (702) 862-8800
Facsimile: (702) 862-8811
*Attorneys for Defendant*